OWEN HOWARD *vs.* TIMOTHY N. HARRIS.

No action lies on a warranty given upon the sale of a horse, the price of which was paid in spirituous liquors which the purchaser could not legally sell.

CONTRACT to recover damages for a breach of warranty of a horse.

At the trial in the superior court, before *Putnam*, J., it appeared that the consideration paid by the plaintiff for the horse, at the purchase when the warranty was given, was spirituous liquors which the plaintiff was not legally authorized to sell; and the judge ruled that the plaintiff might nevertheless recover, upon proof of the other facts necessary to sustain the action.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant, cited *Libby* v. *Downey*, 5 Allen, 299; *Hulet* v. *Stratton*, 5 Cush. 539; *Robeson* v. *French*, 12 Met. 24; *Wheeler* v. *Russell*, 17 Mass. 258; *Lyon* v. *Strong*, 6 Verm. 219.

*R. M. Morse, Jr.*, for the plaintiff. The statutes relating to the sale of spirituous liquors should be strictly construed. The offences specified in Gen. Sts. *c.* 86, § 30, are a sale and a gift.

A sale is a transfer of property in consideration of a sum of money to be paid for it, and is different from an exchange or barter. 1 Parsons on Con. 436. Long on Sales, 1. Addison on Con. 154. *Commonwealth* v. *Packard,* 5 Gray, 103. *Mitchell* v. *Gile,* 12 N. H. 390. *Vail* v. *Strong,* 10 Verm. 457. This transaction was neither a sale nor a gift.

· BIGELOW, C. J. We are all of opinion that the plaintiff cannot maintain this action on the facts set forth in the exceptions, and that the court erred in not instructing the jury to return a verdict for the defendant, on the ground that the contract of warranty was founded on an illegal consideration.

The fatal defect in the argument of the learned counsel for the plaintiff is, that it leaves wholly out of view the clear and manifest purpose of the legislature in enacting the provisions of the General Statutes regulating the manufacture and prohibiting the traffic in spirituous and intoxicating liquors. Gen. Sts. *c.* 86. If in giving a construction to the provisions of this statute we could confine ourselves to the strict technical legal definition of the word " sell," and interpret it only as meaning a transfer of property in consideration of a price paid therefor in money, we should have no difficulty in arriving at the conclusion for which the plaintiff contends. But we cannot do this unless we violate one of the cardinal rules of interpretation, and, instead of construing and applying the words of the statute to fulfil the intent of the legislature, entirely disregard and destroy that intent by a narrow and restricted interpretation of the words. It is hardly necessary to repeat the familiar rule, that statutes are to be construed according to the intention of the framers; and, if this can be ascertained with reasonable certainty, effect is to be given to it, although such construction may seem contrary to the ordinary meaning of the letter of the statutes. This is the rule, as we understand it, applicable alike to penal and remedial statutes. Indeed it is in substance prescribed by the legislature as the canon of interpretation, in Gen. Sts. *c.* 3, § 7, which enacts that words and phrases shall be construed according to the common and approved usage of the language; but technical words according to their peculiar and

Howard *v.* Harris.

appropriate meaning, " unless such construction would be inconsistent with the manifest intent of the legislature."

Now there is no room for doubt as to the intention of the legislature in enacting the provisions of the statute restraining and prohibiting the sale of intoxicating liquors. The object was not to regulate or prohibit a particular form or mode of disposing of such kind of property. It was designed and framed to accomplish a much higher and more comprehensive purpose. Its aim was the prohibition of the trade or traffic in such liquors, in whatever mode it was carried on, with a view to prevent their common and indiscriminate use in the community. The mischief which it was intended to reach and suppress was the vice of intoxication, with the evils and crimes which it engenders. It is too obvious to admit of debate that the main purpose of the statute would fail of accomplishment, if intoxicating liquors could be freely obtained without restraint by barter or exchange of other property therefor. The prohibition of sales, in the technical sense of that word, would be of little effect, if the trade was left open to be carried on in other modes. Indeed, the construction for which the plaintiff contends would amount to a virtual repeal of the statute, in its practical operation, as a means of checking and restraining the evils which it was intended to prevent. In a general and popular sense, the sale of an article signifies the transfer of property from one person to another for a consideration of value, without reference to the particular mode in which the consideration is paid. It was in this sense that the legislature used the word, and not in the technical and narrow sense of a transfer for a price paid or agreed to be paid in money. The legal distinction between a sale and an exchange is a purely artificial one; the rules of law are the same as applied to both transactions. Chit. Con. (10th Amer. ed.) 393. Practically there is no difference between them. To make such a refinement the turning point of the interpretation of a statute, contrary to the plain intent of the legislature, would be a violation of all sound rules of construction See *Mason* v. *Lothrop,* 7 Gray, 354, 358.

*Exceptions sustained.*